The Peoria, Decatur and Evansville Railway Company

*v.*

Robert N. Forsyth.

*Filed at Springfield October 6, 1886.*

Limitation—*act of 1839—as to the payment of taxes.* In order to successfully invoke the limitation law of seven years' possession and payment of taxes, under claim and color of title, against the paramount owner, the party relying upon the bar must show that he has paid all taxes legally assessed on the premises during the seven years. A neglect or failure to pay a special town tax for one of the seven years is fatal to a defence under such statute, although such special tax may have been dropped from the tax books.

Appeal from the Circuit Court of Logan county; the Hon. George W. Herdman, Judge, presiding.

Messrs. Stevens, Lee & Horton, and Messrs. Blinn & Hoblitt, for the appellant:

As to what constitutes color of title under the Limitation law, see *Hardin* v. *Gouveneur,* 69 Ill. 140; *Fagan* v. *Rosier,* 68 id. 84; *Morrison* v. *Norman,* 47 id. 447; *Huls* v. *Buntin,* id. 596; *Dickenson* v. *Breeden,* 30 id. 279; *Busch* v. *Huston,* 75 id. 533.

Good faith of the holder of the color is presumed. *Davis* v. *Hall,* 92 Ill. 85; *McConnel* v. *Street,* 17 id. 253; *Millikin* v. *Martin,* 66 id. 13; *Coleman* v. *Billings,* 83 id. 183.

Seven years' possession by the railroad under color of title and payment of taxes is a good defence to a suit in equity to divest title.  *Railroad Co.* v. *Railroad Co.* 71 Ill. 38.

As to payment of taxes, see *Cofield* v. *Furry,* 19 Ill. 183; *Hinchman* v. *Whetstone,* 23 id. 185; *Beaver* v. *Taylor,* 1 Wall. 367.

Messrs. Beach & Hodnett, for the appellee:

Appellant, to avail of the bar of the statute of 1839, must have paid all taxes legally assessed against the land.  *Irving* v. *Brownell,* 11 Ill. 402; *Jayne* v. *Gregg,* 42 id. 413; *Cook* v. *Norton,* 43 id. 391; *Allen* v. *Munn,* 55 id. 486.

By failing to pay the tax, appellant assumed the burden of proving the tax was illegally assessed.  *Wettig* v. *Bowman,* 47 Ill. 17; *Elston* v. *Kennicott,* 46 id. 187; *Kane* v. *Treat,* 25 id. 557; *Mills* v. *Thornton,* 26 id. 300.

Payment must be made under claim and color of title, to be available.  *Jayne* v. *Gregg,* 42 Ill. 413; *Fell* v. *Cessford,* 26 id. 526; *Hurlbut* v. *Bradford,* 109 id. 400.

Mr. Justice Mulkey delivered the opinion of the Court:

Robert N. Forsyth, the appellee, brought an action of ejectment to the January term of the circuit court of Logan county, against the Peoria, Decatur and Evansville Railway Company, to recover a certain strip of land constituting a part of the company's line of road.  It is conceded the land in controversy originally belonged to appellee.  The defence relied on, was, possession under claim and color of title made in good faith, and payment of taxes for seven years.  There was a trial before the court and a jury, resulting in a verdict and judgment for the plaintiff, and the defendant appealed.

Accepting appellant's own statement of the facts, we have no doubt of appellee's right to recover.  The color of title relied on is a conveyance from John T. Martin and others, executed in 1876.  The appellant paid all taxes assessed against

18—118 Ill.

the property for the years 1876 to 1885 inclusive, "except (to use counsel's own language) a small portion of the tax for the year 1879, denominated special town tax of West Lincoln, amounting to $375.15." This tax, it is conceded, was never paid, and that it was legally assessed is not questioned. The language of the statute relied on as a defence is, that "every person in the actual possession of lands or tenements under claim and color of title made in good faith, and who shall, for seven successive years, continue in such possession, and shall also, during said time, pay *all taxes legally assessed* on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements to the extent and according to the purport of his or her paper title." It is clear, from the express words of the statute, that before one can success-fully invoke its provisions against the paramount owner, he must come prepared to show that he has paid "*all taxes legally assessed*" on the premises during the seven years. Appellant has failed to do this, and it is admitted that a part of the tax has never been paid. It is sought, however, to obviate this defect in the title relied on, by showing that so much of the tax as was not paid was dropped from the tax books and was never reported as delinquent taxes. It is not perceived how the neglect of the officers whose duty it was to collect this town tax, by reason of which it was finally lost to the town, can afford the shadow of an excuse for its non-payment by the appellant. That the performance of all the requirements of the section of the statute above cited, is a condition precedent to the obtaining of a good title under it, is too manifest to admit of serious discussion.

As the defence is clearly insufficient upon the appellant's own admission, it is unnecessary to consider the instruction complained of. It may be conceded to be bad, and still, under the admitted facts, the plaintiff is entitled to recover.

The judgment will be affirmed.

*Judgment affirmed.*